AUSAs: Samantha Briggs, Marcia Cohen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN CALDERON,<br><br>Defendant. | 26 MJ 4657<br><br>**SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 2251(a) and (e), 2252A(a)(5)(B) and (b)(2)<br><br>COUNTY OF OFFENSE: ORANGE |

SOUTHERN DISTRICT OF NEW YORK, ss.:

MATTHEW DERAGON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**
**(Sexual Exploitation of a Child)**

1. On or about July 25, 2026, in the Southern District of New York and elsewhere, STEVEN CALDERON, the defendant, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, and attempted to do so, for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the video depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, CALDERON, while in Orange County, New York, surreptitiously recorded a 10-year-old child ("Victim-1") undressing in a bathroom in order to capture sexually explicit images of Victim-1 and then edited the recording to create a short clip of Victim-1 in which she appears to be engaging in sexually explicit conduct.

(Title 18, United States Code, Section 2251(a) and (e).)

**COUNT TWO**
**(Sexual Exploitation of a Child)**

2. On or about February 3, 2023, in the Southern District of New York and elsewhere, STEVEN CALDERON, the defendant, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, and attempted to do so, for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced using materials

that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the video depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, CALDERON, while in Orange County, New York, surreptitiously video recorded a 9-year-old child ("Victim-2") undressing in a bathroom in order to capture sexually explicit images of Victim-2 and created a sexually explicit screenshot of Victim-2 from the recording.

(Title 18, United States Code, Section 2251(a) and (e).)

**<u>COUNT THREE</u>**
**(Possession of Child Pornography)**

3. On or about October 25, 2026, in the Southern District of New York and elsewhere, STEVEN CALDERON, the defendant, knowingly possessed and accessed with intent to view a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, CALDERON possessed sexually explicit images of minors, including images of prepubescent minors and minors who had not attained 12 years of age, on a cellphone while in Orange County, New York.

(Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4. I have been a Special Agent with the FBI since in or about 2014. I have participated in numerous investigations involving crimes against children, including the receipt, possession, and/or distribution of child pornography by electronic means, sexual exploitation, and enticement of minors. I have gained expertise in these areas through training and daily work related to conducting these types of investigations.

5. I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my discussions with an investigator ("Investigator-1") employed by the New York State Police ("NYSP") and my review of NYSP records and reports, I am aware of the following, in substance and in part:

a. On or about October 24, 2026, an adult woman ("Individual-1") reported to the Crawford Police Department in the Town of Crawford, New York that STEVEN CALDERON,

the defendant—a Sergeant with NYSP—had physically assaulted her during the late evening hours on or about October 23, 2026 and the early morning hours on or about October 24, 2026 at CALDERON's home in Orange County, New York ("Residence-1"). Individual-1 reported that during the alleged assault, CALDERON broke Individual-1's orbital bone.

b. On or about October 25, 2026, CALDERON was arrested by NYSP, and a warrant was issued by the County Court for Orange County, New York authorizing law enforcement to search Residence-1 ("Warrant-1"). Among other things, Warrant-1 authorized the search and seizure of video recording equipment, storage drives, and other electronic devices.

c. On or about October 25, 2026, Investigator-1 and other NYSP officers executed Warrant-1 at Residence-1. They seized approximately 30 electronic devices, including surveillance cameras and associated recording equipment, cellphones, computers, and storage devices. These devices included a Samsung Galaxy S21 Ultra 5G cellphone ("Cellphone-1"), which was located inside the top drawer of a nightstand located in the primary bedroom, and another Samsung cellphone ("Cellphone-2") that was recovered from a bathroom ("Bathroom-1"). Cellphone-2 was found on a cellphone stand in front of a mirror on the bathroom vanity, with the camera of the phone facing the shower. I am aware that CALDERON is the only adult that resides in Residence-1.

7. Based on my conversations with another NYSP investigator ("Investigator-2"), I am aware that, on or about October 25, 2026, Investigator-2 began a forensic examination of Cellphone-1. The settings of Cellphone-1 identify Cellphone-1's display name as "Steve's S21 Ultra" and phone number as a number ending in -7558 ("-7558 Phone Number"). During this examination, Investigator-2 discovered numerous sexually explicit photos and videos of female children, including prepubescent children. A number of these photos and videos appear to have been taken in Bathroom-1 and capture various children in varying stages of undress ("Bathroom Videos"). Following this discovery, on or about November 2, 2026, NYSP obtained a second warrant ("Warrant-2") from the County Court for Orange County, New York authorizing a search of the devices seized pursuant to Warrant-1 for violations of New York Penal Law Articles 263 (sexual performance by a child) and 250 (unlawful surveillance).

8. Based on my conversations with Investigator-2, I understand that the search of the devices, including Cellphone-1 and Cellphone-2, pursuant to Warrant-2 is ongoing. I also understand that the review of Cellphone-2 revealed that it was equipped with an application called "BVR." I am aware that "BVR," which stands for "Background Video Recorder," is a motion-activated camera application that permits a user to record videos surreptitiously. On or about November 4, 2026, Investigator-2 provided me with some of the material seized from Cellphone-1 ("Material-1") and Cellphone-2 ("Material-2"), and I have reviewed this material.

9. Material-1 includes thousands of sexually explicit images and videos of children, including prepubescent children, in substance and in part.

a. Material-1 includes numerous Bathroom Videos, all of which appear to have been taken in the same bathroom and capture at least four different children. Based on my review of photos taken during the execution of Warrant-1, I recognize the bathroom in the Bathroom Videos to be Bathroom-1. The Bathroom Videos include the following, in substance and in part:

i. *Video-1*: Video-1 is an approximately 13-minute video depicting a prepubescent female standing in Bathroom-1 and undressing. The child appears to touch her vaginal area and then steps into a shower. The angle of Video-1 appears to be consistent with the position in which Cellphone-2 was found, with the camera pointing toward the shower.

ii. *Video-2*: Video-2 appears to be a clip from Video-1 that plays on a continuous loop and depicts the child touching her vaginal area, creating the appearance that she is rubbing her vaginal area. I am aware that this type of continuous loop video is known as a "GIF."

iii. *Video-3*: Video-3 appears to be a duplicate of Video-2.

iv. *Video-4*: Video-4 is a several-minute video depicting a prepubescent female in Bathroom-1. The child is standing in front of the camera and undressing before getting into the shower.

v. *Photo-1*: Photo-1 is a photo that appears to be a screenshot taken from Video-4 and shows the child from her thighs to the top of her head. Her genitals are visible.

b. Material-1 includes at least two videos that show STEVEN CALDERON, the defendant, dressed and standing in Bathroom-1 in front of the camera. At the start of each video, CALDERON appears to be touching something that appears to be in the same location as the phone stand on which Cellphone-2 was found. In at least one video, a portion of CALDERON's face, including his moustache, is visible. In addition, Material-1 includes numerous videos and photos of CALDERON. I am familiar with CALDERON's appearance based on my review of NYSP records.

c. Material-1 includes at least 2,000 sexually explicit images and videos of children, including prepubescent children. Based on my discussions with Investigator-2 and my review of NYSP reports, I am aware that, through the use of a digital investigation tool that incorporates Project VIC Hashes,[1] NYSP confirmed that approximately 1,200 of these files depict children ranging in age from infant to preteen who have been previously identified by law enforcement. These videos and images include the following in substance and in part:

i. *File-1*: File-1 is a video that is approximately one minute and 50 seconds long. When the video begins, a naked adult male is standing above a naked female infant who is laying down. The male rubs his erect penis on the vagina and anus of the infant and ejaculates on the infant.

---

[1] I am aware, based on my training and experience, that the National Center for Missing & Exploited Children ("NCMEC") works with law enforcement nationwide to maintain a database that contains information concerning child victims of sexual exploitation who have been identified by law enforcement. By comparing unique identifiers ("hash values") of sexually explicit photos and videos that are recovered by law enforcement to the information in NCMEC's database, law enforcement is able more easily to identify the victims. Project VIC is a non-profit organization that, among other things, partners with NCMEC and law enforcement agencies to allow law enforcement agencies to download NCMEC's intelligence—known as "Project VIC Hashes"—into digital investigation tools.

ii. *File-2*: File-2 is an image of a prepubescent naked female who appears to be squatting or kneeling on the ground with her head underneath the stomach of a dog that is standing. The child's genitals are visible, and she is holding onto the dog's erect penis with one hand.

iii. *File-3*: File-3 is an image of a naked prepubescent female who is on her hands and knees. Her genital area is being penetrated by the penis of a dog, who is standing behind her. A portion of a clothed adult male, from the neck to his knees, is visible, and the man is holding the dog.

d. Material-1 includes numerous files that appear to be screen recordings of video chats on Snapchat. Based on my review of several of these recordings, I am aware that many of them capture sexually explicit images of prepubescent children. Among these recordings are the following:

i. *Recording-1*: Recording-1 is an approximately one-minute recording that shows a prepubescent female standing and exposing her vagina. The female's face is visible. The recording then shows an adult's hand stroking an erect penis. Behind the male, a red wall and a black television that I recognize from photos taken during the execution of the Warrant-1 to be a bedroom in Residence-1, CALDERON's home. Data embedded in Recording-1 reveals that the recording was made on or about June 24, 2026.

ii. *Recording-2*: Recording-2 is an approximately two-minute recording that shows what appears to be the same prepubescent female. She appears to be under a blanket with the camera in front of her genitals. One of her hands is stroking her genital area. At some points in the video, the camera captures part of the female's face. In the background, a male's voice is heard requesting that she turn the lights on. At one point in the recording, the recording shows an adult hand stroking an erect penis. What appears to be the same red wall and black television are visible in the background. Data embedded in Recording-2 reveals that the recording was made on or about June 23, 2026.

10. Material-2 includes at least two videos that appear to depict the same girl who appears in Video-1. In both videos, she appears to be in Bathroom-1. In one of the videos ("Video-5"), she undresses and enters the shower.

11. Based on my conversations with Investigator-2, I am aware that data embedded in Video-1 reflects that Video-1 was created on or about July 25, 2026 and that data embedded in Video-4 reflects that Video-4 was created on or about February 3, 2023.

12. I have reviewed photos of an approximately 10-year-old child ("Victim-1") who spent time at Residence-1 from in or about March 2026 through October 2026. Based on my review of the photos of Victim-1 and my review of Video-1, Video-2, Video-3, and Video-5, I recognize Victim-1 as the child who appears in the videos. At the time Video-1 was created, Victim-1 was approximately 9 years old.

13. I have reviewed photos of an approximately 12-year-old child ("Victim-2"). Based on my review of the photos of Victim-2 and my review of Video-4 and Photo-1, I recognize

Victim-2 as the child who appears in the files. At the time Video-4 was created, Victim-2 was approximately 9 years old.

14. I am aware that STEVEN CALDERON, the defendant, has been a Sergeant with the New York State Police since in or about 2022. Prior to that, he was New York State Trooper beginning in or around 2017. Based on my review of NYSP records, I am aware that CALDERON provided the -7558 Phone Number to NYSP as his personal cellphone number.

15. Based on my review of NYSP reports, I am aware that STEVEN CALDERON, the defendant, was arrested on or about October 25, 2026 and charged in the Town of Crawford with assault in the second degree and third degree. He was released on his own recognizance.

16. Based on my review of publicly available information, I am aware that Samsung phones—like Cellphone-1 and Cellphone-2—are manufactured outside of New York.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of STEVEN CALDERON, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ Matthew Deragon by JCM with permission
MATTHEW DERAGON
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this Affidavit by reliable electronic means (FaceTime), pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1 this 4th day of November, 2026.

Judith C. McCarthy
THE HONORABLE JUDITH C. McCARTHY
Chief United States Magistrate Judge
Southern District of New York